### WARD and Another *v.* BUELL.

Section 790, 2 R. S., p. 213, when applied to the construction of bonds given to stay execution, or on appeal, shall be construed to mean:

1. Any instrument, in writing, however defective, which the parties execute for the purpose of staying execution, or on appeal, and the officer accepts for such purpose, will have the force and effect of an appeal bond against all the parties executing it, and will stay execution till the Court shall quash the bond.

2. If the instrument specifies no amount, or contains no penalty, the law will hold the obligors in it liable to the extent required by the statute upon an appeal and supersedeas, in such case, on the ground of intention in the parties executing the instrument to become liable to that extent.

3. But sureties may expressly limit the amount of their liability by the terms of the obligation; and if they do, and the officer is still satisfied with it, and accepts it, they will not be bound beyond the amount named, but, it proving insufficient, the officer might be liable for the deficiency.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—This suit was founded on a written instrument, as follows:

"Know all men by these presents, that we ——————— and ——————— are held and firmly bound unto *Lucius C. Buell* in the penal sum of ——————, and for the payment of which we bind ourselves, our heirs, and executors, sealed and dated this ——— day of ———————, A. D. 1858. The condition of the above obligation is such that if the said *Ephraim G. Ward* shall duly prosecute an appeal by him taken to the Supreme Court of *Indiana* from a judgment rendered in the *Hancock* Circuit Court in favor of *Lucius C. Buell* against said *Ephraim G. Ward*, and shall pay such judgment as may be rendered against *Ephraim G. Ward* in said Supreme Court

Ward and Another *v.* Buell.

and in favor of said *Lucius C. Buell,* then this obligation to be void, else to remain in full force and virtue.

Ephraim G. Ward, [seal.]<br>George W. Mears, [seal.]

This bond was approved by the Clerk of the Supreme Court. The only question in the cause is whether the obligors are liable upon the bond. The bond was given upon a supersedeas-order, on an appeal taken after the close of the term at which judgment was rendered, and the legal obligation of such a bond, the statute declares to be that the appellant "will duly prosecute his appeal, and abide by and pay the judgment and all costs which may be rendered or affirmed against him." Sec. 563, 2 R. S. 160.

The statute further declares that no bond or written undertaking "taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance," "but the principles and sureties shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same; and the sureties to the amount specified in the bond or recognizance." Sec. 790, 2 R. S. 213.

This section is confused, and somewhat contradictory, but force must be given to all its parts if possible.

It provides, first, that "the principal and sureties shall be bound" to the extent of the obligation required by law in the case, without reference to any amount specified in the writing. It provides, further, that the sureties shall be bound "to the amount specified in the bond," &c. The section, taken as a whole, we think, means this:

1. Any instrument in writing, however defective, which the parties execute for the purpose of staying execution on an appeal, and the officer accepts for such purpose, will have the force and effect of an appeal bond against all the parties exe-

cuting it, and will stay execution till the Court may quash the bond.

2. If the instrument specifies no amount, or contains no penalty, the law will hold the obligors in it liable to the extent required by the statute upon an appeal and supersedeas in such case, on the ground of intention in the parties executing the instrument, to become liable to that extent.   But:

3. Sureties may expressly limit the amount of their liability by the terms of the obligation; and if they do, and the officer still is satisfied with it and accepts it, they will not be bound beyond the amount named, but, it proving insufficient, the officer might be liable for the deficiency.   Such we think the meaning and the policy of the statute.

*Per Curiam.*—The judgment is affirmed with one per cent. damages and costs.

*J. A. Beale* and *Thomas A. Hendricks,* for the appellants.
*John L. Ketcham,* for the appellee.