## McCollem *v.* White.

Attachment—Practice.—See *Maple* v. *Burnside,* 22 Ind. 139, and *Dunn* v. *Crocker, Id.* 324.

Residence.—Residence is the being in a given place with the intention of making it one's home.

Same.—Residence of wife and children follows that of husband and father.

Attachment—Concealment.—When concealment is relied on to sustain an attachment, under sec. 158, 2 G. & H. 188, it is sufficient to show that the family of the defendant could not give the cause of his absence. The statute is in the disjunctive.

Same—Practice.—A party may charge in his affidavit one or all the statutory grounds of attachment, and if he sustains one of them, it will be sufficient.

Same.—Where final judgment had been rendered on the complaint, and the sheriff had made a return of a levy of the attachment, and no issue was made upon the legality of the levy, and the jury were required to answer special interrogatories, without finding a general verdict on the trial of the affidavit, and their answers covered the grounds of attachment.

*Held,* that the judgment for the sale of the attached property was correct

APPEAL from the *Union* Common Pleas.

Perkins J.— *White* sued *McCollem* to recover the amount of one item of account; viz : one car-load of hogs, sold and delivered at the price of $334, which sum, it is averred, has not been paid. A bill of particulars for one car-load of hogs, $334, accompanied the complaint. An attachment was sued out, upon an affidavit, charging the above item of indebtedness, and that the defendant was a non-resident of the state, and that he so concealed himself that a summons could not be served on him personally. Property was attached by the sheriff. Process of garnishment was obtained against *Temple Beeson* and *Linville Ferguson. McCollem* appeared to the suit by attorney, answered to the cause of action, and to the affidavit for attachment. Issues were formed. Issues were also formed on the affidavit in garnishment. The issue upon the cause of action was tried, and judgment rendered for the plaintiff, against *McCollem,* by consent of parties. Afterward a change of venue, as to the re-

mainder of the cause, was taken from *Fayette* county, where suit was commenced, to *Union* county, where it was tried. No exception was taken to the change. Afterward the defendants in garnishment moved for a trial of the issues in their branch of the proceedings separately from the issue on the attachment affidavit against *McCollem*. This motion was denied; but as the proceedings were afterward dismissed as to them, and they are not a party to the appeal in this court, we need not decide on the correctness of the ruling. We will remark, however, that it strikes us the motion should have been granted. The issues were between different parties, and involved different questions from those between the plaintiff and the defendant in the original suit. Where the parties make up issues in garnishment, it seems to us they might properly be separately tried. The proceedings in garnishment having been discontinued, and no appeal having been taken from the judgment on the cause of action against *McCollem*, we have no questions to examine except those arising in the proceedings on the affidavit for attachment against *McCollem*. See, however, as bearing on questions which we here have not to pass upon, *Maple* v. *Burnside et al.*, 22 Ind. 139; *Dunn* v. *Crocker*, *Id.* 324.

There are but two questions necessary to be now decided, viz:

1. Was *McCollem* a non-resident; and, if not, did he conceal himself, etc.?

2. Was the court justified in rendering judgment for the sale of the attached property on the special findings of the jury?

We think the jury were justified by the evidence in finding both that *McCollem* was a non-resident, and that he concealed himself, etc.

Residence is the being in a given place with the intention of making it one's home; and the residence of the wife and infant children follows that of the husband and

father. In this case the facts are that *McCollem,* being deeply involved in debt, being in fact bankrupt, and hard pressed by his creditors, left *Fayette* county, *Indiana,* about the middle of *April,* 1863, just on the eve of a session of the county court; left upon false pretexts, and departed, leaving his family ignorant of the cause of his flight and the place of his destination. He had been absent at the time of the trial nearly a year; and, though he had made it known that he was in *Nevada* territory, there was nothing showing that he intended to return, but circumstances authorized the contrary inference. His wife had gone to her father's, where she was remaining. On the facts in the case it might be inferred that *McCollem* left *Fayette* county, *Indiana,* and located in *Nevada,* with the intention, still entertained, of making that territory his home.

The attachment in this case was taken a little more than two months after he left; and the jury found, as the evidence justified them in finding, that he concealed himself, etc., and that the wife and family were then unable to give the cause of his absence, and that they refused to give an account of the place where he could be found.

Thus two of the grounds authorizing the attachment were established, either one of which is made sufficient by the statute; viz: that he was a non-resident, or that he concealed himself, etc.; and, having a family, that the family could not, if concealment was relied on, give the cause of his absence. It was not necessary that they should have been unable to give the place, etc.; the statute is in the disjunctive. 2 G. & H. 138.

We take it, a party may charge, in his affidavit, one or all of the statutory grounds for attachment; and if he sustains one of them, it will be sufficient; but if he sustains more, it will do no harm. The remaining question is, could the court render judgment for the sale of the attached property?

It will be remembered that the issue on the cause of action had been tried, and final judgment rendered against *McCollem.* It may be stated that the sheriff had made his return of a levy of the attachment, with a householder, etc., the appraisement of the property, etc., with a schedule of the property, and that no motion to set aside the levy of the attachment, or for the release of the attached property, was made; nor was any issue made upon the legality of the levy. The only issue being tried was upon the truth of the affidavit for the attachment. Special interrogatories were propounded to the jury on the facts under that issue, and they answered what covered the substance of it, as we have seen above. They were not required to answer them, provided they found a general verdict. They found no general verdict. Under the cases of *Will* v. *Whitney,* 15 Ind. 194; *Foster* v. *Dryfus,* 16 Ind. 158; *Crassen* v. *Swoveland,* 22 *Id.* 427, the judgment for the sale was properly rendered.

*Mrs. McCollem* was not a competent witness for her husband in the attachment suit.

*Per Curiam.*—The judgment is affirmed, with costs.

*B. F. Claypool* and *John S. Reid,* for appellant.

*James C. McIntosh* and *Dye & Harris,* for appellee.