Jæger *v.* Stœlting.

———o———

JÆGER *v.* STŒLTING.

ATTACHMENT.—*Bond for Release of Property.— Waiver.*—Where property attached has been released from the custody of the officer, upon a bond executed to him for that purpose, and, afterwards, an execution in favor of a stranger to the attachment proceedings, issued after the levy of the attachment, is levied upon the attached property by the consent and direction of the attachment plaintiff, and such property is sold thereon by the officer, there can be no recovery on the bond.

APPEAL from the Marion Common Pleas.

FRAZER, J.—This was a suit on a bond to a sheriff to release property attached from the sheriff's custody. The answer was to the effect that a judgment was recovered by a third person against the plaintiff in this suit, upon which Richman, the principal in the bond sued on, became replevin bail; and that one Brinkmyer also recovered a judgment against Richman; that executions were duly issued on said judgments after the levy of the attachment; that said executions were, by the direction and consent of the plaintiff, levied upon the attached property, and it was sold by the sheriff, wherefore it could not be returned. A demurrer to this answer was overruled, and upon that arises the only question presented.

The answer shows that the plaintiff himself participated in the unauthorized act of the sheriff in seizing and selling

the property by virtue of the executions, thus putting it out of the power of the obligors of the bond to comply with the condition of the instrument. The appellant questions the sufficiency of this answer, but furnishes us with neither reason nor authority upon which to base a judgment in his favor. A point thus attempted to be thrust upon us for decision, by way of mere experiment, may well be deemed to be waived. We think, however, that the answer was good.

The judgment is affirmed, with costs.

*J. Milner, J. L. Ketcham,* and *J. L. Mitchell,* for appellant.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellee.