Moore and Another *v.* Jackson and Another.

ATTACHMENT.—*Undertaking.*—When an undertaking, made by a defendant whose property has been attached, to enable him to retain the possession of the property, is sued upon, and a copy of it is set out and made a part of the complaint, and it is defective by reason of not being made payable to the plaintiff in the attachment proceeding, the defect is cured by section 790 of the code, 2 G. & H. 333.

SAME.—*Parties.*—In a suit upon such undertaking, all the creditors who have been adjudged entitled to participate in the distribution of the proceeds of the attached property should be made parties plaintiffs; or if any refuse to join, the fact should be stated in the complaint, and they should be made defendants.

APPEAL from the Hamilton Circuit Court.

WORDEN, J.—Jackson and Stanford commenced an action in the Court of Common Pleas of Hamilton county against Henry M. Moore and another, and caused a writ of attachment to issue therein, by virtue of which certain personal property of said Henry M. Moore was attached by the sheriff, and a delivery bond was executed therefor by the appellants, in the following words, viz.:

"We undertake that the following property, to wit: one bay stallion, valued at one hundred dollars, one sewing machine, twenty-five dollars, two bedsteads and bedding, fifteen dollars, attached as the property of Henry M. Moore and Katharine R. Moore by virtue of an attachment issued in the above entitled cause, by George Bragg, sheriff of Hamilton county, State of Indiana, shall be delivered up to said sheriff at the residence of Henry Moore, in Adams township, in Hamilton county, Indiana, on the first Monday of January,

Moore and Another *v.* Jackson and Another.

1867, or at any time previous to said date, upon demand being made for said property, or to pay the cash value thereof.

HENRY M. MOORE,

A. J. MOORE."

After the institution of the original action, several other creditors filed their complaints, and in the language of the 186th section of the code (2 G. & H. 147), became parties to the action. Final judgments were rendered in favor of the several plaintiffs, and the attached property ordered to be sold, and the proceeds applied to the payment of said creditors, in proportion to the amount of their respective claims.

A part of the property attached not being forthcoming, this suit was brought by the appellees upon the delivery bond. A demurrer, assigning for cause, that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties plaintiffs in the nonjoinder of the other creditors who filed complaints and became parties to the original suit and had judgment, was filed by the defendants, which was overruled, and exception taken. Final judgment was rendered for the plaintiffs. The ruling on the demurrer is the only error assigned.

Objection is made that the complaint does not aver a demand of the property; but a demand of the property in accordance with the terms of the undertaking and a failure and refusal to deliver the same or pay the value thereof are specifically alleged.

It is also objected that the law does not authorize the kind of undertaking taken. The objection is, that the law requires these undertakings to be made payable to the plaintiff in the attachment proceedings (2 G. & H. 143, sec. 168), while this undertaking is not, in terms, made payable to any one in particular. This defect, if it be regarded as such, is abundantly cured by the provision of section 790 of the code. 2 G. & H. 333. And as the undertaking is set out and made a part of the complaint, the defect is thereby sufficiently suggested. *Cook* v. *The State*, 13 Ind. 154.

We come to the other ground of demurrer, viz.: the non-

joinder of the proper parties as plaintiffs, and are of opinion that for this cause the demurrer was well taken and should have been sustained.

The money arising from the sale of attached property, after paying costs and expenses, is to be paid to the several creditors, in proportion to the amount of their several claims as adjusted, and the surplus, if any, is to be paid to the defendant. 2 G. & H. 150, sec. 192.

Therefore, if the undertaking for the delivery of the property is forfeited, and the property attached is not forthcoming for sale in order to meet their demands, the several creditors must have an interest in the undertaking proportioned to their respective claims as adjusted, after paying costs and expenses.

We suppose that Jackson and Stanford were all the persons who were plaintiffs in the attachment proceedings at the time of the execution of the undertaking, but we think it enured to the benefit as well of all persons who afterwards came in and made themselves parties to the attachment proceedings, and procured the adjustment of their claims and the proper order for the distribution of the proceeds of the property attached. It would manifestly be a perversion of the object and purpose of the statute on the subject of attachments, to permit a part of the creditors, whose claims have been adjusted in the same proceeding, to exhaust the undertaking to the exclusion of the other creditors.

As all the creditors whose claims had been adjusted and who were entitled to distribution should have been made plaintiffs, or if any refused to join, the fact stated in the complaint and they made defendants (2 G. & H. 47), the demurrer should have been sustained.

The judgment below is reversed, with costs, and the cause remanded.

*D. Moss*, for appellants.

*J. Stafford*, for appellees.