No. 8137.

## LOWRY ET AL. *v.* McGEE.

ATTACHMENT.—*Lien.*—*Judgment.*—The lien created by the issuing and levy of an attachment can not exist or have any force or effect after judgment has been rendered in the cause, in aid of which it issued, unless there is a special judgment or order of sale of the property attached, and a special execution.

SAME.—*Personal Judgment.*—*Abandonment of Lien.*—*Real Estate.*—The taking of a personal judgment only, in an action in which real estate had been attached, is an abandonment of the attachment lien, and the judgment stands as though no attachment proceedings had been commenced.

From the Delaware Circuit Court.

*J. L. Furgason, J. H. Mellett* and *W. March*, for appellants.

*M. E. Forkner, C. Cambern, J. N. Templer* and *R. S. Gregory*, for appellee.

FRANKLIN, C.—This is a suit for the possession of real estate. Appellee claims under a sheriff's deed, executed upon a sale under an execution upon a judgment rendered February 25th, 1873. Appellants also claim under a similar chain of title, derived under another judgment, rendered April 16th, 1872. Appellee claims priority of title, for the reason that the suit upon which his judgment was rendered was commenced with an attachment proceeding, and the property in controversy attached, September 4th, 1871. Appellants claim priority for the reason that there was no trial, no finding of the court, no judgment, no order for the sale of the attached property, and no adjudication whatever in the attachment proceedings. There was a trial, finding and judgment by the court for appellee.

The question is presented in this court by an assignment of error on the overruling of appellants' motion for a new trial, for the reason that the finding was contrary to law. As to this question there is no controversy about the facts. Appellee took his judgment *in personam* for the amount of his claim, without any judgment *in rem* against the property, or any order whatever in relation to the property or the attachment proceeding. He insists that the attachment lien merged into this ordinary personal judgment, and was carried along with it without any further order in relation to it.

While attachment proceedings are not independent, from which alone an appeal would lie, but are collateral and in aid of the main action, yet it is as necessary that the provisions of the statute in relation to perpetuating and making good the lien should be as strictly complied with, as the ones creating the lien. *The State, ex rel.*, v. *Miller*, 63 Ind. 475 ; *The Excelsior, etc., Co.* v. *Lukens*, 38 Ind. 438 ; *Gass* v. *Williams*, 46 Ind. 253.

No lien created by the issuing and levy of an attachment under our statute can exist or have any force or effect after judgment has been rendered in the cause, in aid of which it has been issued, unless there is a special judgment or order of sale of the property attached, and a special execution. 2 R. S. 1876, p. 111, sec. 188 ; *The State, ex rel.*, v. *Manly*, 15 Ind. 8 ; *Foster* v. *Dryfus*, 16 Ind. 158 ; *McCollem* v. *White*, 23 Ind. 43 ; *Perkins* v. *Bragg*, 29 Ind. 507 ; *Moore* v. *Jackson*, 35 Ind. 360 ; *Gass* v. *Williams*, 46 Ind. 253 ; *Lowry* v. *Howard*, 35 Ind. 170 ; *Willets* v. *Ridgway*, 9 Ind. 367.

The attachment proceedings presented an issue, and if there was no adjudication whatever of that issue, the taking of the personal judgment alone was an abandonment of the attachment lien, and the judgment stood as though no attachment proceedings had been commenced in the cause.

We think the finding and judgment of the court below was contrary to law, and that a new trial ought to have been granted.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of appellee.