Ludlow *et al. v.* The Union Township Gravel Road Company *et al.*

No. 8101.

LUDLOW ET AL. *v.* THE UNION TOWNSHIP GRAVEL ROAD
COMPANY ET AL.

GRAVEL ROAD.—*Assessment.—Petition.—Affidavit.*—A sworn petition, un-
der the act of March 2d, 1877, to the auditor to place an assessment,
made under the act of May 14th, 1869, on the duplicate, may serve the
purpose of both petition and affidavit.

SAME.—Such petition need not show the amount of liabilities of the com-
pany or of the directors, incurred for money or labor or materials in
the construction of the road, nor how much of the assessment is
needed to pay liabilities, nor whether the road is completed.

SAME.—*County Auditor.*—The auditor can not decide upon the validity of
the assessment, and no question can arise upon the subject unless he
places it on the duplicate for collection.

SAME.—*When Petition Conclusive.*—While the auditor can not be required
to act without a proper petition, once he has acted and placed the as-
sessment on the duplicate, there can be no inquiry into the sufficiency
of the petition or affidavit.

SAME.—*Injunction.*—The party seeking an injunction must show, not that
the necessary facts were not stated in the petition, but that they did
not exist.

SAME.—*Constitutional Law.*—The act of March 2d, 1877, upon the subject
of gravel roads, is constitutional.

From the Shelby Circuit Court.

*A. Major* and *S. Major*, for appellants.

*O. J. Glessner*, for appellees.

WOODS, J.—Complaint to enjoin the collection of an as-
sessment of benefits under the act of March 2d, 1877, Acts
1877, p. 72, reviving assessments made under the act of
May 14th, 1869. Trial, finding and judgment for the de-
fendants, the appellees.

The grounds on which the injunction was sought, as
stated in the brief of the appellants, were: "(1.) That
certain lands were omitted from the report of assessment;
(2.) That the act of 1877, p. 80, sec. 3, was not complied
with in this, that the affidavit to the petition to the auditor
to place the assessment on the tax duplicate does not contain
one single fact which that section requires to be inserted in

Ludlow *et al. v.* The Union Township Gravel Road Company *et al.*

it; (3.) That the petition does not conform to the requirements of section 2 of the act of 1877, p. 80; (4.) That the act is unconstitutional. * * *

"Section 3 * * requires that the petition shall be supported by an affidavit, 'that such company had, prior to the 13th of March, 1875, procured an assessment of benefits to be made for such road, under and by virtue of said act of 1869, and that the same, or any part thereof, had been placed on the tax duplicate as required by law, and such company had, by its directors, spent money and incurred liability on the faith thereof, and that said road is incomplete, or said liability unpaid.'

"The above is the affidavit prescribed by the act. The following is the affidavit appended to the petition: 'That the matters and things set forth in the foregoing petition are true in substance and in fact, as they (affiants) are informed and believe.' Is this affidavit a sufficient compliance with the above section of the statute? This presents the principal question."

In the action of replevin before a justice of the peace, and in attachment suits, affidavits showing certain facts are required by law; but it has been held that a sworn complaint may serve the purpose of both complaint and affidavit, and an affidavit may be good as both affidavit and complaint. *Stephens* v. *Scott*, 13 Ind. 515; *Dunn* v. *Crocker*, 22 Ind. 324. Upon the same principle, the petition in the case before us, being sworn to, will be deemed an affidavit; and, if the facts stated in it are sufficient to meet the requirements of the law, the objection under consideration must be overruled.

It is claimed, however, that the petition is itself defective, because "It does not show, as required by section 2 of the act of 1877, p. 80, the amount of liabilities of the company or of the directors, either officially or individually incurred for money or labor or materials in the construction of

the road, nor does it show how much of the assessments is needed to pay the liabilities, nor does it show whether the road is completed or not.''

There is nothing in the section referred to which explicitly requires the things named to be stated in the petition. The 3d section of the act provides that ''It shall be the duty of the auditor of the proper county to place on the tax duplicate such uncollected assessments, so provided by the said act approved May 14th, 1869, on the petition of the board of directors of such turnpike, or gravel road companies as are entitled to the benefits of this act, supported by affidavit that such company had, prior to the 13th of March, 1875, procured an assessment of benefits to be made for such road, under and by virtue of said act of 1869, and that the same, or any part thereof, had been placed on the tax duplicate as required by law, and such company had, by its directors, spent money and incurred liability on the faith thereof, and that said road is incomplete, or said liability unpaid, and it shall be the duty of the treasurer of such county,'' etc.

In the case of *The State, ex rel. The Monroe G. R. Co.,* v. *Stout,* 61 Ind. 143, wherein a mandate was sought to compel the auditor to place the assessment on the duplicate, and it was insisted that the various steps necessary to the validity of the original assessments were not shown to have been taken, it was said: ''The auditor is not the tribunal to decide upon the validity or invalidity of the assessments. His duties are ministerial. Neither the corporation nor the person assessed can raise any question as to their validity, unless the auditor will first place them upon the tax duplicate for collection.'' While, therefore, it is unquestionably requisite that the petition of the directors, supported by affidavit showing the facts prescribed by the law, should be presented to the auditor, in order to require or entitle him to act in the premises, yet it would seem to follow that once he had acted, and had entered the assessment on the dupli-

cate, it would be immaterial thereafter to inquire whether the petition and affidavit upon which he proceeded were in conformity to the law; and the party seeking to enjoin the collection of such assessments should be required to show, not that the necessary facts were not stated in the petition, but that they did not exist.

The constitutionality of the law in question was declared in the case last cited, and we are not disposed to reconsider the subject.

The allegation, that certain lands were omitted from the report of the assessment, was not supported by the proof. It was shown that a tract of twenty acres of land, owned by the appellant Ludlow at the time of the trial was assessed in the name of S. D. Gordon, but it does not appear from the evidence in the record, that when assessed it was not owned by Gordon. Besides, it is not required that the name of the owner be stated in the assessment, and consequently the statement of a wrong name would be harmless. *Hopkins* v. *The Greensburg, etc., Turnpike Co.,* 46 Ind. 187.

The motion for a new trial stated other causes, but they are not presented in the appellants' brief.

The judgment is affirmed, with costs.