Wright, Executrix, et al. v. Manns et al.

No. 13,254.

WRIGHT, EXECUTRIX, ET AL. v. MANNS ET AL.

APPEAL.—*Civil Actions.—Statute Construed.*—Section 640, R. S. 1881, must be construed in connection with section 633, and appeals thereunder, as in all civil actions, must be perfected within one year from the time judgment is rendered.

SAME.—*Time.—Computation of.*—Under section 1280, R. S. 1881, in computing the year within which appeals may be taken, the day on which the judgment appealed from was rendered is to be excluded; therefore, where a judgment was rendered July 23d, 1885, and the transcript was filed July 23d, 1886, the appeal is in time.

SAME.—*Death of Party.—Substitution of Administrator.—Decedents' Estates.*— Where an action is commenced against a party, who dies while it is pending, and his administrator is substituted as defendant, the time within which an appeal may be taken is fixed by the civil code of practice, and not by section 2455, R. S. 1881, regulating appeals in matters affecting decedents' estates.

ATTACHMENT.—*Delivery Bond.—Custodia Legis.*—By the execution of a delivery bond, under section 924, R. S. 1881, attached property is not withdrawn from the custody of the law, but its keeping and care are removed from the sheriff and committed to the claimant until the sheriff may lawfully demand it to be sold on execution issued on the judgment for the sale thereof.

SAME.—*Complaint on Delivery Bond.—Necessary Averments.*—A complaint upon a delivery bond, executed by the claimant of attached property and his sureties, is bad if it fails to allege that after the rendition of judgment for the sale of the property a special execution had been issued thereon to the sheriff commanding him to sell the same, and that by virtue thereof he had demanded of the obligors the delivery of the property, or the payment of its appraised value, not exceeding the amount of the judgment and costs.

SAME.—*Taking Personal Judgment Only.—Effect as to Attachment Proceedings.* —The rendition of a personal judgment only against the defendant in an attachment suit is equivalent to a dismissal of the attachment proceedings, and a delivery bond executed therein ceases to be effective.

SAME.-*Surrender of Indemnity.—Discharge of Sureties.—Judgment Nunc pro Tunc.* —Where a personal judgment only is rendered against the attachment defendant, on the faith of which his sureties in the delivery bond surrender indemnity held by them, the subsequent entry, *nunc pro tunc*, of a judgment for the sale of the attached property will not affect them, their liability being at an end.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager, N. R. Peckinpaugh* and *H. C. Hays,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellees.

Howk, J.—This suit was commenced by appellees on the 28th day of August, 1883, against Samuel J. Wright, then in full life but since deceased, and Lewis W. Bowling, as defendants, in a complaint of two paragraphs. The cause was thereafter continued from term to term until the February term, 1885, of the court below. On the 26th day of February, 1885, the death of defendant Samuel J. Wright, testate, having been suggested to the court, it was ordered that his executrix, Mary E. Wright, be substituted as defendant herein, in his stead. Afterwards, on July 23d, 1885, the issues in the cause were tried by the court, Hon. David W. LaFollette presiding as special judge, and a finding was made for the appellees, on the second paragraph of their complaint, in the sum of $425.61; and over appellants' motion for a new trial, the court rendered judgment against them, on the day and year last named, upon such finding. On the same day the court made and rendered its finding and judgment, in favor of appellants and against appellees herein, upon the issues joined on the first paragraph of appellees' complaint herein.

Errors are assigned here by appellants, the defendants below, which call in question (1) the overruling of their demurrer to the second paragraph of appellees' complaint, and (2) the sustaining of appellees' demurrer to the second paragraph of appellants' answer herein.

On the 8th day of April, 1887, the appellees moved this court in writing to dismiss the appeal herein upon two grounds, namely: 1. Because the appeal was not perfected by the filing of the transcript of the record in the office of the clerk of this court within one year from the rendition of the judgment below; and 2. Because such appeal was not taken within the time limited by section 2455, R. S. 1881,

the judgment below herein being connected with a decedent's estate. This motion to dismiss must first be considered and decided, because, if well taken, it will dispose of this appeal.

1. The judgment below herein, as will appear from our statement of this case, was rendered on the 23d day of July, 1885. On the 23d day of July, 1886, appellants filed in the clerk's office of this court a transcript of the record of this cause, with their assignment of errors thereon, as and for their appeal from the judgment below to this court, under the provisions of section 640, R. S. 1881. No time is specified in section 640, *supra*, within which an appeal to this court, in a civil action, must be taken in the manner prescribed therein. But in the recent case of *Johnson* v. *Stephenson*, 104 Ind. 368, it was held upon full consideration that such section 640 must be considered and construed in connection with section 633, R. S. 1881; that appeals to this court, in all civil actions, must be perfected by filing a transcript of the record in "the office of the clerk of the Supreme Court" within one year from the time of the rendition of the judgment appealed from; and that if the transcript be not so filed within the year, the appeal must be dismissed. *Harshman* v. *Armstrong*, 43 Ind. 126; *Jenkins* v. *Corwin*, 55 Ind. 21; *Anderson* v. *Mitchell*, 58 Ind. 592.

From what we have said it is manifest, we think, that the question we are now considering, whether or not the appeal in this action was perfected within one year from the rendition of the judgment appealed from herein, depends for its proper decision upon the rule in this State for the computation of time. If the day on which the judgment was rendered is to be included in the year within which an appeal to this court in a civil action must be perfected, it is clear that the appeal herein was not perfected within one year; but if that day is to be excluded in computing such year, it is equally clear that the appeal in this case was perfected within one year from the rendition of the judgment herein,

and the motion of appellees to dismiss this appeal, for the first cause assigned therein, is not well taken. Our civil code prescribes the rule in this State for the computation of time, in all civil actions, as follows: " The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." Section 1280, R. S. 1881. The section quoted and cited is a literal re-enactment of section 787, of the civil code of 1852, which took effect May 6th, 1853; and, therefore, the rule declared therein for the computation of time, in all civil actions, has been in force continuously for more than thirty-four years. This statutory rule for the computation of time, in civil actions, since its first enactment, has been recognized and acted upon repeatedly in our decisions. *Noble* v. *Murphy,* 27 Ind. 502; *State, ex rel.,* v. *Thorn,* 28 Ind. 306; *Byers* v. *Hickman,* 36 Ind. 359.

2. As to the second ground stated in appellees' motion for the dismissal of this appeal, it will suffice to say that the precise question thereby presented was fully considered and decided by this court adversely to the motion of appellees herein in *Heller* v. *Clark,* 103 Ind. 591. See, also, the cases there cited.

Our conclusion is that appellees' motion to dismiss the appeal herein is not well taken on either ground stated therein, and must be overruled.

We come now to the consideration of the errors of which complaint is made here by appellants' counsel. It is first insisted on appellants' behalf that the trial court erred in overruling their demurrer to the second paragraph of appellees' complaint. In this paragraph appellees declared upon a written undertaking, taken and approved by the sheriff of Harrison county on the 14th day of August, 1879, of which the following, omitting the obligors' signatures, is a copy:

" We, Isaac Urbanski, Samuel J. Wright and Lewis W. Bowling, are held and firmly bound unto Louis Manns and

John Manns, partners, under the firm name of Manns, Bro. & Co., to the effect following: That whereas, at the suit of said Manns, Bro. & Co., the sheriff of Harrison county, Indiana, did, on the 12th day of August, 1879, attach and take into possession certain of the personal property of said Isaac Urbanski, which is correctly enumerated and described in the schedule of said sheriff attached to the writ of attachment in said case issued; and whereas, the said sheriff has redelivered said personal property to said Isaac Urbanski; now, the above bound Isaac Urbanski, Samuel J. Wright and Lewis W. Bowling undertake that the said Isaac Urbanski shall properly keep and take care of said property, and shall, on demand, deliver to said sheriff of Harrison county the personal property so attached by him and described in said schedule above referred to, or that failing so to do they will pay the full appraised value of said property, to the extent of any judgment which may be recovered against said Isaac Urbanski by said Manns, Bro. & Co., and any costs which may be taxed against him in said proceeding. Witness our hands and seals this 14th day of August, 1879."

In the second paragraph of their complaint appellees alleged breaches of the foregoing undertaking, as follows:

1st. That neither of the defendants therein had caused to be delivered to the sheriff of Harrison county any part of said attached property, but, on the contrary, had failed, refused and neglected so to do, and appellees averred that such property was of the value of $550.

2d. That neither of such defendants, nor any other person, had paid, or caused to be paid, any part of appellees' judgment against Isaac Urbanski, but the same remained due and wholly unpaid.

3d. That said Isaac Urbanski did not properly keep and take care of said attached property in such undertaking mentioned, but, on the contrary, immediately after the execution of such undertaking he removed such property without the

jurisdiction of the court below, and without the boundaries of the State of Indiana, and that neither he nor any part of said property had been within the limits of Harrison county since March 1st, 1880. Wherefore, etc.

It is claimed on behalf of appellants that this paragraph of complaint was clearly bad on their demurrer thereto, for the want of averments therein that after appellees had procured the correction of their personal judgment against the defendant Urbanski by the entry of a *nunc pro tunc* order for the sale of the attached property, they had caused a special execution to be issued thereon to the sheriff of Harrison county, commanding him to sell such attached property, or so much thereof as might be necessary, to pay their said judgment; and that the sheriff of such county, by virtue of such special execution or otherwise, had demanded of Urbanski or his sureties in such undertaking, before the commencement of this suit, either that they deliver to such sheriff said attached property or that, failing so to do, they pay to such sheriff the full appraised value of such attached property to the extent of appellees' aforesaid judgment against said Urbanski.

We are of opinion that these objections of appellants to the sufficiency of the facts stated in the second paragraph of appellees' complaint herein are well taken, and that, for the want of such averments as those stated, the demurrer to such paragraph of complaint ought to have been sustained. The undertaking sued upon in such second paragraph was executed under, and in conformity with, the provisions of section 168 of the civil code of 1852, which section was literally re-enacted as section 209 of "An act concerning proceedings in civil cases," approved April 7th, 1881, and is section 924, R. S. 1881.

In such section it is provided as follows : " The defendant or other person having possession of property attached, may have the same or any part thereof delivered to him, by executing and delivering to the sheriff a written undertaking,

with surety to be approved by the sheriff, payable to the plaintiff, to the effect that such property shall be properly kept and taken care of, and shall be delivered to the sheriff on demand, or so much thereof as may be required to be sold on execution to satisfy any judgment which may be recovered against him in the action, or that he will pay the appraised value of the property, not exceeding the amount of the judgment and costs."

In *Dunn* v. *Crocker*, 22 Ind. 324, it was held by this court, in construing the provisions of the section quoted, that the undertaking therein provided for is "in the nature of a delivery bond, which does not release the property from the attachment, nor from an order of sale in the judgment." By the execution of such an undertaking the attached property is not withdrawn from the custody of the law, but the proper keeping and care of such property is thereby removed from the sheriff and committed to the claimant, until such time as the sheriff may lawfully demand the delivery of the property back to him to be sold on the execution issued on the judgment for the sale of the attached property. *Lusk* v. *Ramsay*, 3 Munf. 417; *Doremus* v. *Walker*, 8 Ala. 194; *Hagan* v. *Lucas*, 10 Peters, 400.

From the provisions of the section quoted, and the terms of the undertaking declared upon in the second paragraph of the complaint herein, it would seem to be clear that until judgment had been rendered in appellees' suit against Urbanski for the sale of the property attached therein, and until a special execution issued on such judgment had come into the hands of the sheriff of Harrison county, commanding him to sell such attached property, such sheriff would not be lawfully authorized to demand of Urbanski and his sureties in such undertaking either the delivery back to him of such property, or the payment of its appraised value, not exceeding the amount of such judgment and costs. This was decided, substantially, by this court in *Gass* v. *Williams,*

46 Ind. 253, and in *Lowry* v. *McGee*, 75 Ind. 508. See, also, *Sannes* v. *Ross*, 105 Ind. 558.

Under all the canons of good pleading, it would seem to be equally clear that a complaint upon such an undertaking, which fails to allege, *inter alia*, that after the rendition of judgment for the sale of the attached property, a special execution had been duly issued on such judgment to the sheriff of the proper county commanding him to sell such property, or so much thereof as might be necessary to pay such judgment, and that such sheriff, by virtue of such execution, had demanded of the obligors in such undertaking the delivery to him of such attached property, or the payment of its appraised value not exceeding the amount of such judgment and costs, would be bad on demurrer thereto for the want of sufficient facts. The court erred, we think, in overruling the demurrer to the second paragraph of appellees' complaint.

Appellants' counsel also insist that the trial court ·erred in sustaining the demurrer to the second paragraph of their answer to the second paragraph of appellees' complaint herein. In this paragraph of answer, appellants admitted that Samuel J. Wright, then in full life but since deceased, and appellant Bowling executed the written undertaking mentioned in the attachment proceedings by appellees herein against Isaac Urbanski, as sureties for the delivery to Urbanski of the attached property mentioned in the second paragraph of complaint herein, but they averred that, prior to the execution of such undertaking, in consideration that said Samuel J. Wright and Lewis W. Bowling would execute such undertaking as his sureties therein, Isaac Urbanski endorsed and transferred to said Samuel J. Wright, as an indemnity to such sureties against any loss they might sustain by reason of their suretyship, a negotiable promissory note held by him on one David Urbanski, a good and solvent person, for the sum of $500, which was more than sufficient to fully indemnify them against any loss they might sustain by rea-

son of their suretyship, which endorsement of such note was made before its maturity; that such other and further proceedings were afterwards had by appellees, as set forth in the second paragraph of their complaint herein, that they recovered the judgment mentioned therein, against Isaac Urbanski, being a personal judgment only, which judgment was duly read in open court, and approved and signed by the court, and appellees' attorneys were present within the bar when such judgment was read and approved by the court; that afterwards, such sureties examined the record in such proceeding and were advised by counsel that no action could be enforced against them upon their written undertaking on the judgment so rendered; that after retaining such note of David Urbanski for nearly one year from the date of said judgment, and no proceedings having been taken against such sureties for the enforcement of said judgment, on demand of Isaac Urbanski, and on the faith of the personal judgment taken against said Isaac, as the same appeared of record on the order-book of the Harrison Circuit Court, they in good faith surrendered to Isaac Urbanski said negotiable note, which they held from him on David Urbanski as aforesaid; that afterwards, as averred in the second paragraph of appellees' complaint herein, by notice and motion in the Harrison Circuit Court, appellees procured such personal judgment to be amended by the entry of a *nunc pro tunc* order for the sale of such attached property; and appellants said that, by reason of appellees' failure to have their judgment against Isaac Urbanski so entered in the first instance as to order the sale of such attached property, the sureties in such undertaking were induced to surrender their said indemnity, and appellees ought not to have judgment against appellants on such second paragraph of complaint.

We are of opinion, that if the facts stated in this paragraph of answer be true—and as they are well pleaded their truth is admitted as the case is here presented—they constitute a

full and complete bar both in law and equity to the cause of action set forth by appellees in the second paragraph of their complaint herein.   It is settled by our decisions that, where ancillary proceedings in attachment have been instituted in support of a pending cause of action, and personal property of the defendant has been seized by the sheriff under such proceedings, if the trial of such cause result in a personal judgment only against such defendant, without any special judgment or order of the court for the sale of such attached property, the taking of such personal judgment only, of itself, is an abandonment by the plaintiff of his attachment proceedings, and an undertaking or bond for the delivery of such attached property falls with the other proceedings and ceases to have any legal effect or binding force.   *Gass* v. *Williams, supra; Lowry* v. *McGee, supra; Smith* v. *Scott,* 86 Ind. 346.

In the case last cited, which was a suit upon an undertaking similar to the one declared upon by appellees in the second paragraph of their complaint herein, it was held by this court that the rendition of a personal judgment only against the defendant in an attachment suit is equivalent to a dismissal of the proceedings in attachment; and that, unless judgment be rendered for the sale of the attached property in the action wherein such undertaking was executed, there is no liability on such undertaking.   "So it was held, upon full consideration, in *Gass* v. *Williams,* 46 Ind. 253."

Of course, if the court has rendered the proper judgment for the sale of the attached property, but, through the misprision of the clerk, such judgment has not been entered, the record may be amended by a *nunc pro tunc* order and entry, if there be anything to amend by, and if such *nunc pro tunc* judgment or order will not injuriously affect the rights of third persons.   In *Urbanski* v. *Manns,* 87 Ind. 585, the *nunc pro tunc* judgment and order for the sale of the attached property mentioned in the second paragraph of appellees'

complaint herein were considered to some extent by this court. After quoting section 66 of Freeman on Judgments, it is there said: "These appellants, Wright and Bowling, were bound to take notice of the personal judgment that was entered of record against Urbanski, but they were not required to take notice of the memoranda of the judge of the findings and rendition of the judgment by the court, upon which the entered judgment might be corrected; and whatever rights they might have acquired between the original entering of the judgment and its correction *nunc pro tunc*, in making such order, it would have been proper to have expressly saved to them, * * so as to allow them to be made available in any subsequent proceeding. * * * * We think that all their rights can be fully protected in any legitimate subsequent proceedings, without reversing the *nunc pro tunc* judgment against Urbanski."

The case in hand is a "legitimate subsequent proceeding," and in and by the second paragraph of their answer herein appellants have clearly stated the legal and equitable defences which they acquired between the rendition of appellees' personal judgment only against Urbanski, on the 1st day of March, 1880, and the subsequent entry, *nunc pro tunc*, of the judgment or order for the sale of the attached property on the 6th day of June, 1881, to appellees' suit herein against the sureties of Urbanski in the undertaking given by him in appellees' attachment proceedings for the delivery of the attached property.

We are clearly of opinion that the facts stated by appellants in the second paragraph of their answer constitute a full and complete bar to the cause of action which appellees attempted to state in the second paragraph of their complaint herein; and that it was error, therefore, to sustain their demurrer to such second paragraph of appellants' answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the

second paragraph of answer, and to sustain the demurrer to the second paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Filed May 24, 1887; petition for a rehearing overruled Sept. 27, 1887.