## J. S. R. GUAY *v.* T. L. ANDREWS.

The surety, on a bond for the delivery of property attached, is not exonorated because the judgment against the principal did not decree the property attached to be sold. Whatever may have been the form of the judgment, the condition of the bond would have been satisfied by the delivery of the property attached.

In proceedings against a surety on the replevin bond of a defendant in attachment, the return of no property found, contemplated by the Act of 1839, is to be made by the Sheriff of the parish in which the judgment in the attachment suit was obtained—and not by the Sheriff of the parish to which the defendant in the attachment, may have removed.

APPEAL from the District Court, Seventh District, Parish of East Feliciana. *Stirling*, J. *Merrick*, for plaintiff. *Winter*, for defendant and appellant,

ROST, J. On the 21st March, 1839, the plaintiff instituted a suit by attachment, against *Sarah Rhodes*. The Sheriff executed the attachment by seizing certain slaves, belonging to *Mrs. Rhodes*. On the same day *Mrs. Rhodes* executed her bond, with the defendant, *Andrews*, as her surety; the condition of of which was, the delivery of the slaves attached to the Sheriff, in the event of a judgment being rendered against her.

There was judgment against *Mrs. Rhodes*, and execution having issued, and being returned "no property found," the plaintiff moved for a judgment against *Andrews*, the surety, under the Act of 1839. The motion prevailed, and *Andrews* has appealed.

It is nothing to the surety, *Andrews*, that the judgment in the main suit did not decree the property attached to be sold. The defendant was in Court and a personal judgment could be rendered against her. Whatever was the form of the judgment, the defendant would have satisfied the condition of the bond by delivering the property attached, after it was rendered.

When the execution came into the hands of the Sheriff, he called on the plaintiff's counsel to point out property of the defendant, which the counsel

declared, in writing, he was unable to do, and the Sheriff, not knowing of any himself, at once returned the writ. We know of no law declaring such a return premature or illegal.

It is alleged, that it was notorious that the defendant had removed to another parish, and that the execution should have been sent to the Sheriff of the parish of the new domicil. The Act of 1839 does not say so, and the return which it contemplates, is evidently that of the Sheriff of the parish in which the judgment was rendered.

After the judgment had been rendered in the original suit, the counsel for the plaintiff entered, of record, a correction of it, stating that he had made an error in adding up the account, upon which the suit was partly brought, and that the amount of it was only $79 32, instead of $160 82, which the District Court had allowed. The surety claims the benefit of this credit, and we are of opinion that he is entitled to it. This correction may be viewed as an entry of satisfaction of the judgment *pro tanto*, and such entries for a part, or for the whole, may lawfully be made, by the attorney, of record. It is a remittitur, of which the defendant, and his surety, may take advantage.

It is ordered that the judgment be reversed.

It is further ordered, that the rule be made absolute, and that *Mary Sturges*, in her capacity of dative testamentary executrix of *J. S. R. Guay*, deceased. have judgment against the succession of *Thomas L. Andrews*, represented by *Charles C. Lathrop*, for the sum of three hundred and eighty-seven dollars and thirty-two cents, to be paid in due course of administration.

It is further ordered, that the defendant pay the costs of the District Court, and the plaintiff those of this appeal.