### Edward Osborne v. William W. Robbins.

An application to a Circuit Court Commissioner for the dissolution of an attachment must state the reasons therefor.

It should show that the defendant's property was attached, and describe the property; the first because the jurisdiction of the officer is dependent upon it; the second because no order respecting the property can be made unless the property be known; and because without these, there would not be sufficient certainty as to the defendant's property and right.

A statement in an application in such a case that " on said attachment writ some of the goods and chattels of this applicant have been seized," is insufficient.

The application in these cases should be verified by oath.

*Heard November 8th, 1861. Decided May 30th.*

Certiorari to Ervin Palmer, Esq., Circuit Court Commissioner for the county of Wayne.

Robbins presented to the Circuit Court Commissioner an application in the following words:

" To E. Palmer, Esq., Circuit Court Commissioner, Wayne county, Michigan.

" The application of William W. Robbins shows, that on the 22d June, 1857, one Edward Osborne sued out of the Circuit Court for the county of Wayne, a writ of attachment against the goods, &c., of this applicant, and annexed thereto an affidavit that this applicant was indebted to him on contract express, in the sum of $522, and that he had good reason to believe, and did believe, that this applicant had fraudulently contracted the said debt, and that this applicant had assigned and disposed of his property with intent to defraud his creditors; and your applicant says that he did not fraudulently contract said debt; and further, that he has not disposed of, and has not assigned, any of his property with intent to defraud any of his creditors; and further, that on said attachment writ some of the goods and chattels of this applicant have been siezed. He therefore prays that the said attachment be dissolved, &c. July 24th, 1861.

W. W. ROBBINS."

On this application a citation was issued to the plaintiff, and a hearing had. On the hearing, it was shown that after the property was attached, writs of replevin were sued out, one by John Niblo and the other by Elisha Shephard, upon which the whole of the property attached was taken from the Sheriff, and that the affidavits attached to these writs of replevin were made by Robbins.

The Commissioner made an order dissolving the attachment.

*Maynard & Meddaugh*, for plaintiff in error.

*W. Gray*, for defendant in error.

MARTIN CH. J.:

To authorize a Circuit Court Commissioner to issue a citation to a plaintiff in attachment requiring him to show cause why the attachment should not be dissolved, an application or petition must be presented to him by the defendant whose property has been attached; and the application should state the reasons therefor. As this is a special proceeding, the statute must be strictly complied with.

The application should show that the defendant's property was attached, and should set it forth: the first because the jurisdiction of the officer is dependent upon it; the latter because no order respecting the property can be made unless the property be known, and because without these there would not be sufficient certainty as to the defendant's property and right.

In the present case, Robbins neither alleges a right to any property, nor sets it forth, unless by the general expression that some of his property was attached. This we think to be wholly insufficient; and, in view of the facts stipulated to exist, I think evasive. The reason for the rule is very well illustrated by this case; for certainly

it would appear that most, and perhaps all of the property attached, belonged to others; and yet some trifle belonging to Robbins may have been taken, so that he could safely make the general statement which he did.

We think the rule is just, and necessary to the security of parties, and persons interested in the property taken.

Although the statute does not in express terms require the petition to be verified, yet, according to all analogies and rules of practice, we think this should be done, and that such was the intent of the Legislature. Certainly no mischief would follow such a requirement; while great mischief may often result from a want of it. As matter of practice we therefore hold that petitions or applications for the dissolution of attachments, must set forth the property taken, and aver the petitioner's right to it, and that they must be verified by oath.

The order of the Commissioner should be vacated.

The other Justices concurred.