Without resting at all upon the common-law presumption that the blow by Mrs. Miller, in her husband's presence, was by his procurement (*Reeves Dom. Rel., 3d ed. 148, 149, 2 Kent's Com., 149*), we think the evidence was properly admitted as ·tending to show what was done by the assailants, respectively, and to enable the jury to measure the damages according as they should find, whether or not Miller and his wife were in fact so connected, in the assault with the hatchet, as to make him liable therefor. If the plaintiff in error had any desire to contest the question as to whether he was so related to that act as to make him liable, he had opportunity .to do so by requesting the court, if the same was not done voluntarily, to submit it under proper instructions to the jury, who were the exclusive triers of the fact. The charge is not before us, and since it is not complained of, we must conclude that the jury were properly advised on the subject.

The judgment should be affirmed, with costs.

The other Justices concurred.

* * *

## Reuben Macumber v. John Q. Beam.

*Dissolution of attachment: Proceedings before Commissioner: Title of applicant: Burden of proof.* An application for the dissolution of an attachment, under the act of 1851 (*Comp. Laws*, §§ 4773-6), must contain averments from which, by fair intendment, it may appear that the property attached belongs to the applicant; and though an express averment that the property continues to belong to the applicant, to the time of making the application, is not necessary, yet, if on the hearing it appears that the property does not belong to him, he will not be entitled ·to relief.

MACUMBER v. BEAM.

In proceedings before a commissioner, to show cause why an attachment
should not be dissolved, the burden of proof is upon the plaintiff in attachment;
he is to begin by showing the existence of facts necessary to sustain the writ,
and unless the commissioner is satisfied of the existence of such facts as jus-
tified the issuing of the writ, the attachment should be dissolved and the prop-
erty restored.

*Heard January 12.   Decided April 5.*

*Certiorari :*  To George M. Buck, Esquire, Circuit Court
Commissioner for the County of Kalamazoo, to review pro-
ceedings for the dissolution of an attachment.

The writ was issued at the suit of Reuben Macumber,
out of the Circuit Court for the County of Kalamazoo,
against the lands, tenements, etc., of John Q. Beam, and
having been served, Beam made his application to the Cir-
cuit Court Commissioner for the dissolution of the attach-
ment; setting forth " That on the 27th day of June, A. D.
1870, Reuben Macumber, of St. Joseph county, in said state,
sued out a writ of attachment from the Circuit Court for
the said County of Kalamazoo, against the lands, tenements,
goods, chattels, moneys and effects of this applicant, upon an
affidavit made by the said Reuben Macumber, stating that
the applicant was indebted to him, the said Macumber, in
the sum of nine hundred and ninety-two dollars and thirty-
four cents over and above all legal set-offs, and that the
sum was due upon an express contract, and that he, the
said Reuben Macumber, had good reason to believe, and did
believe, that said John Q. Beam was about to assign and
dispose of his property with intent to defraud his creditors·
And this applicant further says and shows that by virtue
of said writ of attachment the sheriff of said county of Kal-
amazoo did, on the 9th day of July, A. D. 1870, attach the
following goods and chattels of the property of this appli-
cant to wit: [describing it].   And the said sheriff did, by
virtue of said writ of attachment, on the 28th day of June,
A. D. 1870, also attach and levy upon the following described
real estate, the property of this applicant, to wit: [describing

it] ; and that said sheriff now holds the property above mentioned and described upon the said writ of attachment,. and that the same is worth the sum of fifteen thousand three hundred and ninety-eight dollars. And this applicant further says and shows that he, this applicant, is not now, and was not at the time of making said affidavit, and suing out said writ of attachment, nor at any time previous thereto, about to assign and dispose of his property, or any portion thereof, with intent to defraud his creditors, and that the said Reuben Macumber had not any good reason to believe, at the time of making said affidavit, that this affiant was about to assign and dispose of his property, or any part thereof, with intent to defraud his creditors, and that the said affidavit in so far as it purports to set forth any grounds for the issuing said writ of attachment against this applicant is without any foundation in fact and is untrue, and this applicant prays that the said attachment of his said property, above described, may be dissolved, and that said property be restored to this applicant, for the following reasons, to wit: 1st. That said affidavit for attachment is not true. 2d. That said Reuben Macumber did not have good reason to believe that this applicant was about to assign and. dispose of his property with intent to defraud his creditors at the time of making said affidavit. 3d. That at the time of making said affidavit, or at any other time previous to or since the making of the same, this applicant was not about to assign and dispose of his property with intent to defraud his creditors. 4th. That no legal ground existing for suing out a writ of attachment against the property of this applicant. 5th. That it appears from the affidavit itself that the writ of attachment was issued in this case before the affidavit was made."

The application was duly verified and a citation issued

as provided in the statute. On the hearing before the commissioner, the plaintiff in attachment moved to quash and dismiss the proceedings and for the dissolution of the attachment, for the following reasons:   " First. The said petition does not show by sufficient and certain allegations the right of said petitioner, John Q. Beam, to the property attached by virtue of said attachment.   Second. Said petition does not negative all the grounds upon which the plaintiff was entitled to an attachment against the defendant, John Q. Beam's property, and shows that it, said property, was not subject to attachment at the suit of plaintiff against him."

The motion was denied by the commissioner, and no testimony being offered by either party, except the writ of attachment and the return of the sheriff thereto, the commissioner decided that the plaintiff had not a good and legal cause for suing out the writ; and thereupon ordered that the attachment be dissolved, and the property of the defendant seized by virtue thereof, be restored to him; which judgment the plaintiff in attachment brings into this court by writ of error.

*Severens & Burrows,* for plaintiff in error.

I. Does the petition for the dissolution of the attachment sufficiently show that the petitioner was at the time of his application the owner of the property attached? *a.* The allegation of ownership is an inferential one, and is in language not so strong in this respect as the case of *Osborne v. Robbins, 10 Mich.,* 277, when the application stated that " some of the goods and chattels" of the applicant had been seized on the writ, without more particularly describing them. In this class of proceedings the rule is strict, and in founding the jurisdiction the averments of essential facts must be direct and positive. They cannot be inferentially

stated. This allegation is mere *descriptio rerum.—Ex parte Bank of Monroe, 7 Hill, 177; Ex parte Shumway, 4 Denio, 258.* The commissioner in holding this averment to be sufficient proceeded in disregard of principles repeatedly stated in this court,—principles which lie at the foundation of a multitude of cases here and elsewhere. *Chandler .v. Nash, 5 Mich., 409; Greenvault v. The Bank, 2 Doug., 498; Wilson v. Arnold, 5 Mich., 98; Platt v. Stewart, 10 Mich., 260; Cross v. McMaken, 17 Mich., 511; Bush v. Dunham, 4 Mich., 339.* b. Again we contend that the petition should show that the property attached is the property of the applicant at the time of making the application. The defendant may have disposed of it, or his interest may have been otherwise divested since it was attached. Although this point has never been directly decided in this court, we think the principle of it has, several times, and that any other rule would not be in harmony with the doctrines prevailing in summary proceedings not after the course of the common law. *Chandler v. Nash, 5 Mich., 409; Ryan v. Smith, 10 Mich., 229: Drew v. Dequindre, 2 Doug., 93; Wilson v. Arnold, 5 Mich., 98; Cross v. McMaken, 17 Mich., 511; Bush v. Dunham, 4 Mich., 399, 344.*

II. The second question is upon whom does the burden proof devolve in proceedings for the dissolution of attachments? We say that the party making the application must go forward. It is he who is seeking relief. He is required to state his reasons for the application. The application and the reasons assigned in it, are in the nature of a pleading. They answer the same purpose as a complaint under the entry and detainer act. The construction given to this statute by Judge Green in his work on Practice is such as we claim it to be.—*Green's Practice,* § 242. The citation is in the nature of a notice of motion. —*N. Y. & H. R. R. Co. v. Mayor, 1 Hilton, 568.*

*Edwards & Sherwood,* for defendant in error.

I. The affidavit states that John Q. Beam, "as the plaintiff ·has good reason to believe, and does believe, is about to assign and dispose of his property, with intent to defraud his creditors,"—and *this is the sole ground,* alleged in the affidavit for issuing the writ of attachment. On this· application, the defendant is only called upon to meet and controvert the case made by the plaintiff's affidavit.—*Harrison v. King, 9 Ohio St., 388.*

II. The application states that, "the sheriff did attach the following goods and chattels of the property of this applicant" (particularly describing the same), and that "said sheriff did also attach and levy upon the following described real estate, the property of this applicant, to wit" (particularly describing it), "and prays that the said attachment of his said property above described may be dissolved," etc. These are sufficient allegations of the right of the defendant to his property.—*Osborn v. Robbins, 10 Mich., 277; Nelson v. Hyde, 10 Mich., 521; Hasceig v. Tripp,* decided at Apr. Term, 1870; 1 *Chit. Pleadings, 380 ; Miller v. McMillan, 4 Ala., 527.*

III. The defendant positively denies in his application the contemplated fraudulent disposition of his property, charged in the plaintiff's affidavits. This fully meets and disproves the *prima facie* case made by the plaintiff, and unless he sustains it by a further showing when cited by the court or commissioner for the purpose, the attachment must be dissolved.—*1 Greenl. Ev.,* § *74; Ex parte Haynes, 18 Wend., 611 ; Caston v. Paige, 9 Ohio St., 397.*

CHRISTIANCY, J.

This was an application made by Beam, the defendant in error, under the act of 1851 (*Comp. L., Secs. 4773 to*

*4776*), to a Circuit Court Commissioner of Kalamazoo County for the dissolution of an attachment issued from the Circuit Court of that county, against Beam at the suit of Macumber, the plaintiff in error.

The first objection raised by the plaintiff in error before the commissioner and relied upon here, is that the application or petition presented to the commissioner "does not show, by sufficient and certain allegations, the right of the petitioner to the property attached."

It is unquestionably necessary under this statute, in order to give the commissioner jurisdiction, that the application should show that the property of the petitioner has been attached, as this fact is, by the statute, made the very ground of the jurisdiction.—*Chandler v. Nash, 5 Mich.,* 509; Osborne v Robbins, 10 Mich., 277.

It must also describe the property so attached (see case last cited).

And as the third section contemplates an order for the restoration of the property to the defendant, in case the commissioner shall dissolve the attachment, it would seem to follow that such defendant is not to be entitled to the dissolution of the attachment unless he continues to be the owner of the property at the time of the application, if not also at the time of the hearing. But in no case has it yet been adjudged by this court that the application or petition must contain an express or direct averment, that the property still belongs to the applicant, when it has been once alleged in such application that the property of the applicant has been attached. The farthest we have yet gone in this direction has been to hold that whenever it affirmatively appeared (and whether from the application itself or the evidence upon the hearing, would of course be immaterial) that the property at the time of the application did not belong to the applicant, he was not entitled

to have the attachment dissolved in this proceeding. This want of ownership did affirmatively appear in *Chandler v. Nash*, and *Osborne v. Robbins*, above cited.

The last cited case contains a *dictum*, from which an inference might be drawn that the application must contain a direct or express averment of the continued ownership. But the facts of that case did not call for a decision upon that particular point; and we think it sufficient if this fact is fairly inferable from the application as a whole, or, in other words, if by fair construction of the whole instrument, it would, to the common understanding, convey the idea that the property still continued to belong to the applicant.

In the present case the application does directly and positively allege the main jurisdictional fact expressly required by the statute, that the property of the applicant (describing it) has been attached. Whether this would of itself authorize an inference of continued ownership till the contrary should be shown, we need not decide, since the application, in its prayer for relief, "prays that the said attachment of his property above described may be dissolved, and that the said property be restored to this applicant." We think, by fair intendment, this, in connection with the allegation that his property was attached, naturally conveys the idea, to the common understanding, of the continued ownership of the property, and that it should be held sufficient until the fact should appear to be otherwise. This application is not in this respect precisely analogous to a complaint in forcible entry and detainer, and the affidavit for the writ of attachment, since in the first case the present right of possession, and in the other the indebtedness upon contract, and that it is at the time due, are, by the respective statutes, expressly required to be directly stated as the very ground of the jurisdiction, as

the statute in this case also expressly requires the statement that the defendant's property has been attached.

But the continuance of the ownership is not by the statute itself made strictly a jurisdictional fact. It is only by an inference from the statutes that this fact is held to be necessary to entitle the applicant to relief upon the hearing. And this inference may be satisfied, so far as relates to the sufficiency of the application, by a fair inference of the same facts from the language of that instrument.

The only other question raised in the case is, whether, upon the hearing before the commissioner, the plaintiff in the attachment is to begin by showing good cause for its issuing; or whether the defendant is to begin by showing the non-existence of such cause, and upon whom rests the burden of proof. The commissioner held that the plaintiff held the affirmative,—that he was to begin, and that the burden of proof rested upon him in the first instance to show the existence of the facts necessary to sustain the attachment. This the plaintiff declined to do, insisting that the burden of proof was upon the defendant, to show the non-existence of the necessary grounds for its issuing; and, without any testimony offered upon either side, the commissioner dissolved the attachment.

We think this ruling was correct, and that the statute clearly contemplates that the plaintiff is to begin, and that the burden of proof is upon him to show, to the satisfaction of the commissioner, the existence of such facts as justified the issuing of the writ. The statute expressly requires a citation to the plaintiff, " requiring him to *show cause why said attachment should not be dissolved* and the property restored to the defendant in the attachment ;" and in a proceeding where a party is called upon to show cause, consisting of facts affirmative in their nature, it would be departing

from all legal analogies to require the other party to begin by showing a negative.

The plaintiff in error, however, urges that the provision above cited is shown by a subsequent provision in the same section to mean that the defendant in the attachment is in fact required to show that no good grounds for issuing the writ existed. The clause relied upon as having this effect is that which provides that at the hearing the commissioner "shall proceed to hear the proofs and allegations of the parties, and if he shall be satisfied that such plaintiff has not good legal cause for suing out such writ, he may order such attachment to be dissolved, and the property attached to be restored to the defendant."

We do not think this clause warrants the conclusion sought to be drawn from it; because we think if the plaintiff shows no grounds for its issuing, as by the citation he was required to do, and especially if he declines to offer any evidence to this end, the commissioner is fully warranted, in considering his failure or refusal to do so, as authorizing the inference and the finding, that no such cause existed. In fact, we do not see that he could be warranted in drawing any other conclusion.

This proceeding by attachment, which seizes a defendant's property for a debt before the existence of the debt is judicially ascertained, is, under our system, an exceptional and extraordinary remedy. The statute providing for the attachment (*Comp. L., Sec. 4743*) allows the writ to be issued upon an affidavit, which, after showing positively the existence of the debt, and that it is due upon contract, is permitted to state the real grounds for issuing the writ, upon belief only, and that the affiant has good reason for such belief. This may be necessary in some cases to prevent the sudden removal or fraudulent disposition of the

defendant's property, which might take place if the plaintiff, before he could obtain the writ, were compelled to make the necessary and formal proof to the satisfaction of a judicial officer.    But if his belief should be erroneous, there is no good reason why the defendant should suffer the consequences of the plaintiff's erroneous belief; and to avoid this injury to the defendant the statute of 1851 was passed.

This act, when construed in connection with that allowing the writ to issue, shows clearly the legislative intent, that though the plaintiff may obtain his writ and provisionally secure the property, he is not entitled to retain it, unless he can show to the satisfaction of the commissioner that some of the grounds to which he swore upon belief existed in fact.

We see no error in the proceedings before the commissioner, and those proceedings must be affirmed, with costs to the plaintiff in error.

The other Justices concurred.