## MACUMBER *vs.* BEAM.

In an application for a dissolution of an attachment, under the act of 1851, the application is sufficient so far as showing title to the property in the applicant, if from its terms it would reasonably be inferred that the property still continued to belong to the applicant.

In an application to dissolve an attachment, under the act of 1851, the burden of proof is upon the plaintiff to show the existence of facts justifying the issuing of the writ.

*Certiorari* to Commissioner of Kalamazoo Circuit.

*Opinion by* CHRISTIANCY, J.—This was an application made by Beam, the defendant in error, under the act of 1851, to a Circuit Court Commissioner of Kalamazoo County, for the dis-solution of an attachment issued from the Circuit Court of that county against Beam at the suit of Macumber. The first objec-tion was that the application presented to the Commissioner does not show by sufficient and certain allegations the right of the petitioner to the property attached. The allegation is cer-tainly necessary that the property of the applicant has been at-tached, but it has not been held that the application must contain an express averment that the property still belongs to the appli-cant. The farthest the Court has gone has been to hold that when-ever it affirmatively appears that the property at the time of the ap-plication did not belong to the applicant, he was not entitled to have the attachment dissolved in this proceeding.

The case of *Osborne vs. Robbins*, 10 *Mich*, 277, contains a dic-tum from which the other allegation might be deemed necessary, but the facts did not call for any such decision. And the Court thought the application sufficient, if from its terms it would reason-ably be inferred that the property still continued to belong to the ap-

plicant. In this case the attachment is clearly stated. The prayer is that the attachment may be dissolved and the property restored to the applicant. This implies a continued ownership.

The other question raised by the case was whether, upon the hearing before the Commissioner, the plaintiff in the attachment is to begin by showing good cause for its issuing, or whether the defendant is to begin by showing the non-existence of such cause, and upon whom rests the burden of proof. *Held,* That the plaintiff is to begin, and that the burden of proof is upon him to show the existence of such facts as justified the issuing of the writ.

There was no error in the proceedings, and the judgment was affirmed with costs.