J. M. FISHER AND T. C. HENRY, v. WM. E. HAXTUN AND GEORGE OGDEN.

FORTHCOMING BOND, *Action Upon.* In an action to recover upon a forthcoming bond, executed under the provisions of ¿ 199 of the code, the petition should not only allege the money judgment rendered in the action in favor of the plaintiff, but should further set forth the order or judgment of the court requiring the attached property, or a part thereof, to be sold to satisfy such judgment

*Error from Dickinson District Court.*

AT the November Term, 1880, of the district court, *Haxtun* and another, as plaintiffs, had judgment against *Fisher* and another, who bring the case here. The opinion states the facts.

*Mahan & Burton,* and *Williams & Dillon,* for plaintiffs in error.

*McClure & Humphrey,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On September 4, 1877, Haxtun and Ogden commenced their action in Dickinson county district court, against E. W. Sizer, M. Dively and William Dively, to recover 4,500 bushels of red winter wheat. On the same day, the Divelys gave a redelivery bond with Fisher and Henry, plaintiffs in error, as sureties, and retained the possession of the wheat. On September 6, 1877, Haxtun and Ogden commenced also another action in the Dickinson county district court against E. W. Sizer for $2,724.34, money had and received by the defendant to and for the use of the plaintiffs, and caused an order of attachment to issue therein. The order was levied by the sheriff upon the wheat, which was appraised at $2,675.40. An undertaking was entered into with the sheriff, signed by M. Dively & Co., T. C. Henry and J. M. Fisher, under § 199 of the code. Upon the execution of this undertaking, the attached property was returned to

M. Dively & Co.   On September 25, 1877, Haxtun and Og-
den dismissed their replevin action, and on March 25, 1878,
the court proceeded to inquire into the right of the property,
and right of possession of the defendants to the property taken,
and a judgment was entered that the defendants M. Dively
& Co. recover from the plaintiffs the sum of $75, together
with their costs.   On March 30, 1878, in the action of Hax-
tun and Ogden against Sizer, plaintiffs recovered $2,827.64,
and their costs taxed at $104.25.   On July 7, 1880, Haxtun
and Ogden commenced this action in the Dickinson county
district court to recover upon the forthcoming bond executed
September 6, 1877, by M. Dively & Co., T. C. Henry and
J. M. Fisher, in the action then pending of Haxtun and Og-
den v. E. W. Sizer, and in their petition demanded judgment
for the sum of $2,675.40, with interest from March 30, 1878,
at seven per cent. per annum.   On October 2, 1880, the de-
fendants filed their answer setting up at length the facts of
the replevin suit as a defense.   Haxtun and Ogden demurred
thereto.   After argument of the demurrer, and before its de-
cision, Haxtun and Ogden dismissed their action as to M.
Dively and William Dively, without prejudice to a new ac-
tion.   The court thereupon sustained the demurrer, and J.
M. Fisher and T. C. Henry electing to stand by such answer,
the court entered judgment against them for $3,147.73, and
also all costs.   Fisher and Henry excepted, and bring the
case here.

The objection made to the petition is fatal to the judgment
in this: That while it is fully alleged that Haxtun and Ogden
recovered a judgment against Sizer, and that the defendants
failed to return the wheat described in the forthcoming bond,
it nowhere states that the court made any order to sell the
attached property.   Until such order was made, the parties
executing the bond were not required to deliver the attached
property to the sheriff, nor to any other party.   Sec. 222 of
the code reads:

"If judgment (in proceedings upon attachment) be rendered
for the plaintiff, it shall be satisfied as follows: So much of

the property remaining in the hands of the officer, after apply-
ing the moneys arising from the sale of perishable property,
and so much of the personal property and lands and tene-
ments, if any, whether held by legal or equitable title, as may
be necessary to satisfy the judgment, shall be sold by order
of the court, under the same restrictions and regulations as if
the same had been levied on by execution; and the money
arising therefrom, with the amount which may be recovered
from the garnishee, shall be applied to satisfy the judgment
and costs. If there be not enough to satisfy the same, the
judgment shall stand, and execution may issue thereon for
the residue, in all respects as in other cases. Any surplus of
the attached property, or its proceeds, shall be returned to the
defendant."

Sec. 223 provides:

"The court may compel the delivery to the sheriff for sale,
of any of the attached property for which an undertaking
may have been given, and may proceed summarily on such
undertaking to enforce the delivery of the property, or the
payment of such sum as may be due upon the undertaking,
by rules and attachments, as in cases of contempt."

In *Tyler v. Safford*, 24 Kas. 580, we held that the execution
of a forthcoming bond does not operate as a release of the
attachment lien; that the object of the bond is to insure the
safe-keeping and faithful return of the property to the officer,
if its return shall be required. Now such a return is not
required, unless the court shall order the property, or a part
thereof, to be sold to satisfy the judgment.

In the absence of any allegation in a petition upon a forth-
coming bond of any order for the sale or return of the at-
tached property, no recovery can be had. The demurrer to the
answer, therefore, on the ground that the latter did not state
facts sufficient to constitute a defense to the plaintiff's cause
of action, ought to have been carried back and sustained as
against the petition, owing to the fatal omissions therein.
Counsel of defendants suggest that the objection to the suf-
ficiency of the petition is raised for the first time in this court.
The record does not disclose this fact; but conceding it to be
true, plaintiffs in error are not prevented thereby from call-

ing our attention to the fatal omissions in the petition. We have often held that any error apparent in the final judgment of a district court may be corrected by a suit in error in this court, even though no exception was taken thereto by the party complaining. In this case, the allegations in the petition are not sufficient to support the judgment; the judgment was rendered against the objections of the defendants, (plaintiffs in error,) and they excepted thereto.

The judgment of the district court must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.