**KREPPS v. FIRST NAT. BANK OF SE-DAN, KAN.**

No. 13155—Opinion Filed April 29, 1924.

**1. Attachment—Sufficiency of Affidavit — Issues—Burden of Proof.**

If the defendant in attachment proceed-ings files a verified motion attacking the suf-ficiency of the attachment affidavit on both jurisdictional and nonjurisdictional grounds, this creates an issue of fact for trial as to the nonjurisdictional grounds, and the bur-den is cast upon the plaintiff to maintain his allegations. The burden is on the de-fendant to sustain the jurisdictional grounds.

**2. Same.**

The defendant in presenting the motion merely tenders the jurisdictional ground, and the ruling of the court on presentation does not go beyond the question of jurisdiction to try the issues of fact as made by the pleadings. At this point the nonjurisdiction-al question is still open for the plaintiff to establish by showing the truthfulness of the allegations in his attachment affidavit, and the burden is on him to so proceed.

**3. Same—Premature Order of Sale.**

After the ruling on the jurisdictional ques-tion presented by the defendant, it was re-versible error for the court to order the sale of the property without a trial on the nonjurisdictional questions of fact made by the verified motion and answer.

**4. Same—Judgment not Sustained.**

Record examined: held, to be insufficient to support the judgment of the court in sus-taining the attachment and ordering the sale of the property.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by the First National Bank of Se-dan, Kan., against S. P. Krepps for debt and attachment of personal property. Judg-ment sustaining attachment. Defendant brings error. Reversed and remanded.

T. J. Leahy, C. S. MacDonald, S. C. Bur-nette, and F. W. Files, for plaintiff in error.

Brooks & Robins and Frank T. McCoy, for defendants in error.

Opinion by STEPHENSON, C. This ap-peals involves the action of the court in overruling defendant's motion to dissolve the writ of attachment levied on personal prop-erty, and the refusal of the court to set aside the order of sale. The grounds for the attachment were:

(a) The defendant is about to remove his property out of the jurisdiction of the court with intent to defraud his creditors.

(b) The defendant is about to convert his property into money in order to place the same beyond the reach of his creditors.

(c) The defendant has rights in prop-erty which he conceals.

(d) The defendant has assigned, remov-ed, or disposed of, or is about to dispose of his property with intent to defraud, hinder, or delay his creditors.

Thereafter the defendant filed motion to discharge the attachment on the following grounds:

(a) That the attachment affidavit is in-sufficient on its face; and

(b) That the facts set forth in the affi-davit as grounds for attachment are and were false and untrue.

The first is the jurisdictional ground, which goes to the right of the court to hear and try the facts on which the attachment is based. The burden was on the defendant to maintain this ground. The second is nonjurisdictional ground and presents an issue of fact for trial. The burden was thereby cast on the plaintiff to maintain the truthfulness of the allegations set forth in his affidavit for the attachment. The motion to dissolve the attachment was verified. Thereafter, the defendant filed his amended verified answer, in which the facts set forth in the attachment affidavit were denied. The verified motion of the defendant denying the truth of the allegations on which the attachment writ was based created an issue of fact for trial between the parties. The act of filing the verified motion for dissolving the attachment on nonjurisdictional grounds cast the burden on the plaintiff to maintain the truthfulness of the grounds alleged by it for the attachment. Williams v. Farmers Gin & Grain Co., 13 Okla. 5, 73 Pac. 269; First Natl. Bank of Texola v. Terrell, 44 Okla. 719, 145 Pac. 1140; Johnston v. Stockham. 89 N. Y. 368, 43 Atl. 933; Maccumber v. Beam, 22 Mich. 395; Jenesee Sav. Bank v. Bargo Co., 52 Mich. 164, 17 N. Y. 790.

The defendant submitted the motion and in so doing merely presented the question of the jurisdiction of the court to hear the issues of fact in the attachment. This question merely went to the first ground of the motion which attacked the sufficiency of the affidavit as a question of law. At that time, the plaintiff did not discharge its burden in relation to establishing the truth of the facts as set forth in the affidavit for the attachment. Hence, the action of the court in overruling the motion merely had the effect of holding the affidavit sufficient in form, but left open the question of the truthfulness of the facts as set forth in the affidavit for plaintiff to establish later. The defendant later filed his amended, verified answer denying the truthfulness of the facts set forth in the affidavit for the attachment. Thereafter, and on October 21, 1921, and without a trial of this issue, the court entered its order directing the sheriff to sell the attached property. On November 4th, on oral application of the defendant, the court set aside the order directing the sale of the property. The defendant then asked the court to dissolve the writ of attachment on the grounds set forth in the answer, which presented an issue of fact for trial. The plaintiff, in opposition to the application of the defendant, urged that the ruling of the

court on the prior motion for dissolution of the attachment was res adjudicata. The court sustained the contention of the plaintiff and re-ordered the sale of the property without the trial of the issue of fact then in the case. On November 8, 1921, the defendant filed what he termed a motion for new trial going to the last ruling of the court. It was not necessary to file the motion for new trial in order to perfect an appeal from the ruling. The court was in error in denying the defendant a trial of the issues of fact, as the former ruling, of the court on the motion to dissolve presented merely a question of law as to the sufficiency of the affidavit in form. The ruling did not relieve the plaintiff of the necessity for discharging the burden cast on him by the verified motion and answer denying the truthfulness of the grounds supporting the writ of attachment. It was error for the court to enter judgment in favor of the plaintiff on the attachment without a trial of the issues of fact joined by the parties. The plaintiff attempts to escape the effect of the ruling by saying that the defendant did not state that he desired the plaintiff to prove the facts, and by failing to so state, he lulled the plaintiff into a sense of security, and that the defendant should not now be heard to question the error. This position is without merit on the part of the plaintiff. Although unnecessary, we will add that the pleading filed herein by the defendant and styled as a motion for new trial pointed out as ground for error the fact that the verified motion and answer denying the allegations of the attachment affidavit created a question of fact and cast the burden upon the plaintiff to establish the grounds for the attachment by competent evidence.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.