### JORDAN v. BROWN SHOE CO.

No. 20434. Opinion Filed Oct. 20, 1931.

Rehearing Denied Nov. 17, 1931.

F. L. Welch, for plaintiff in error.

O. A. Brewer, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Pushmataha county in favor of the defendant in error, plaintiff in that court, against the plaintiff in error, defendant in that court. The parties hereinafter will be referred to as plaintiff and defendant.

The action was for the recovery of a money judgment on a bond given in an attachment proceeding in a former action. The bond was substantially in the form required by the provisions of section 352, C. O. S. 1921, and provided:

"Now, if the said property or its appraised value in money shall be forthcoming to answer the judgment of the court in this action, then this obligation is to be void, otherwise to remain in full force and effect."

The petition alleged the execution thereof by the defendant as a surety in another action in which the plaintiff herein was the plaintiff and in which certain property had been taken under attachment on the affidavit of the plaintiff; approval thereof by

the sheriff; the delivery by the sheriff of the property attached by the defendants in that action; the sustaining of the attachment by the trial court in the first action; the rendition of judgment in the first action in favor of the plaintiff and against the defendants therein for the amount therein alleged to be due on the claim of the plaintiff against the defendants therein; the issuance of an execution on that judgment against the defendants therein; the return by the sheriff of that execution marked "no property found"; the issuance therein of an order of sale of attached property by the court clerk; the demand upon the defendant herein for a return of the property redelivered to the defendants in the former action after the execution and approval of the bond; a failure to return the same, and that the judgment against the defendants in the former action was unsatisfied. The prayer was for judgment against the defendant in this action.

The defendant demurred to the petition and that demurrer was overruled and the proper exception taken thereto. The defendant then filed a verified answer which consisted of a general denial, an allegation that no demand had been made on the defendant for the return of the property, an allegation that the plaintiff had waived any right under the bond by causing a general execution to be issued on the judgment in the first case, an allegation that no order of sale had been made by the court in the former action, and an allegation that, if the bond was signed and executed by the defendant, it was for a valuable consideration and at the special instance and request of the defendants in the first action.

The reply of the plaintiff was a general denial and a plea that the execution issued in the former action was at the instance and request of the defendant in this action.

Upon the issue so made the cause was tried to the court without a jury. At the conclusion of the evidence of the plaintiff, the defendant demurred thereto. That demurrer was overruled. The defendant excepted thereto and stood on his demurrer and the court rendered judgment in favor of the plaintiff, from which the defendant appealed to this court.

The evidence and stipulation as to the facts show the attachment of the property in the first action, the execution and approval of the bond in question, the return of the property attached to the defendants in the first action, an order of the court in the first action overruling a motion to dis-

solve the attachment, a judgment in the first case in favor of the plaintiff and against the defendants therein for the amount due on the claim of the plaintiff therein, the issuance of a general execution in the first case against the defendants in that action, that the judgment in the first action was unsatisfied, that the property was not returned to the sheriff or the court, that there was issuance and service of a special execution and order of sale signed by the court clerk, a demand on the defendant for the fulfillment of the obligation of his bond, that the property attached had been disposed of by the defendants in the former action, against the defendants therein.

The defendant presents two propositions of law. The first proposition is as follows:

"A petition to recover on a forthcoming bond is fatally defective and is subject to demurrer unless it contains and sets forth, in addition to other essential averments, an allegation of an order or judgment of the court requiring the attached property, or a part thereof, to be sold to satisfy such judgment"

—and the second proposition is as follows:

"Where suit is brought on contract for the recovery of money, and property of the defendants in such suit is attached and they give a forthcoming bond and such attached property is redelivered thereon, and where thereafter a simple money judgment is rendered for plaintiff in such suit, but the court in such action does not by order or judgment sustain the attachment and order that the attached property be sold and proceeds thereof applied on the money judgment, the attachment is thereby abandoned, waived, and lost, and the plaintiff in such suit cannot thereafter sue an accommodation surety on the forthcoming bond and recover thereon."

In his brief the defendant says:

"* * * If the attachment lien in the original action wherein Brown Shoe Company sued R. P. Harris and W. L. Harris, as partners, has been completed and preserved, then the defendant is liable on the forthcoming bond,"

—and contends:

"* * * That the petition herein should have alleged that the attached property was ordered by the court to be sold and the proceeds applied on the money judgment therein, and that, such allegation being absent, the petition is fatally defective."

In support thereof there is cited Fisher v. Haxtun, 26 Kan. 155. That decision is based on Kansas statutes which are admitted to be identical with our sections 388 and 389, C. O. S. 1921. In that case it was held that

a failure to allege in the petition in a suit on a forthcoming bond in attachment that the trial court had made an order for the sale of the attached property is fatal to the petition. The court further said that the execution of the forthcoming bond did not operate as a release of the attachment lien; that the object of the bond was to insure the safekeeping and faithful return of the property to the officers, if its return shall be required, and that a return of the property is not required unless the court shall order the property, or a part thereof, to be sold to satisfy the judgment. That court said:

"In the absence of any allegation in a petition upon a forthcoming bond of any order for the sale or return of the attached property, no recovery can be had."

That is not only the rule in Kansas, under statutes identical with our own, but it is the rule in a majority of the states wherein the question has been decided. In Moore, Schafer Shoe Mfg. Co. v. Billings (Ore.) 80 Pac. 422, that court held:

"An attachment lien is waived, and the goods are liberated from the levy, where the court renders a simple money judgment and fails to enter an order directing a sale of the property."

To the same effect is Smith v. Dwight (Ore.) 148 P. 477; 156 Pac. 573, and Mertens v. Northern State Bank (Ore.) 135 Pac. 885. In Shinn on Attachment, section 335, it is said:

"The rendition of a personal judgment alone for the plaintiff in a proceeding aided by attachment, at least in Illinois and Indiana, operates to quash the attachment and the property is as free as though no attachment proceedings had been begun. To preserve the attachment, there must be also an order of sale."

In 6 Corpus Juris, page 342, it is said:

"On the one hand a mere personal judgment is held insufficient upon which to predicate the breach of a bond to have the property forthcoming, or to pay its value to the extent of any judgment which may be rendered, and a condition to return the property if so directed renders an order of court for such delivery necessary."

The "other hand" therein discussed refers to bonds to discharge the attachment. In support of the text there is cited Wright v. Manns, 111 Ind. 422, 12 N. E. 160; Smith v. Scott, 86 Ind. 346; McDonald v. Loewen, 145 Mo. A. 49, 130 S. W. 52; Adams v. Jacoway, 34 Ark. 542; and Fisher v. Haxtun, supra. Only one case to the contrary is cited, which is Guay v. Andrews, 8 La. Ann. 141.

There is an extended discussion of the subject in Lount v. Holladay (Ariz.) 234 Pac. 1084. That court held:

"Under Civ. Code 1913, pars. 1421, 1422, in order to make a lien of attachment effective and to subject property attached to judgment, a personal judgment for plaintiff must contain an express order of sale of property."

That court, after discussing the rule in those states where the statute does not require a special order of foreclosure of the lien or a sale of the property, said:

"In all of the states so holding, however, there seems to be no statute requiring that the judgment contain an order of sale, or that any further steps be taken to enforce the lien, and many of the decisions refer to that fact. In the states where there is a special statute requiring a foreclosure of the lien and order of sale, or some special form of execution, it seems, however, that a failure to follow the statute is construed as a waiver of the lien. Moore Manufacturing Co. v. Billings, 46 Or. 401, 80 P. 422; Lowry v. McGee, 75 Ind. 508; Amyett v. Backhouse, 7 N. C. 63; Wasson v. Cone, 86 Ill. 46.

"The first line of cases proceeds on the theory that since no statute requires any further action to enforce the lien, the necessary legal effect of a personal judgment is to condemn the property to sale under the lien. Sale v. French, 61 Miss. 170-175; Yarnell v. Brown, 170 Ill. 362, 48 N. E. 909, 62 Am. St. Rep. 380.

"The other group of authorities contends that since the property attached cannot legally be sold without compliance with some special statutory procedure, a failure to adopt such procedure waives the lien."

The statutes of this state provide for an attachment of property by bonded officers upon an affidavit in conformity with the statutory requirements. Where the property attached is personal property, the officer levying the attachment "shall take the same into his custody, and hold it subject to the order of the court." Section 351, C. O. S. 1921.

Under the provisions of section 352, supra, the officer shall deliver the property attached to the person in whose possession it is found, upon the execution by such person, in the presence of the officer, of an undertaking to the plaintiff, with sureties as therein required, to the effect that the parties to the same are bound, in double the appraised value thereof, that the property, or its appraised value in money, will be forthcoming to answer the judgment of the court in the action.

Section 383, C. O. S. 1921, provides for a

bond to discharge the attachment. That is an entirely different procedure from that provided by section 352, supra, and it has an entirely different legal effect.

The defendant is authorized, at any time before judgment, upon reasonable notice to the plaintiff, to move·to discharge an attachment. Section 394, C. O. S. 1921. That motion may be upon jurisdictional or nonjurisdictional grounds. Krepps v. First Nat. Bank, 99 Okla. 83, 225 P. 711.

If the attachment has not been discharged and if judgment be rendered for the plaintiff, the money arising from the sale of the perishable property shall be applied to the satisfaction of the judgment, and, if that is not sufficient to satisfy the same, so much of the property attached as may be necessary to satisfy the judgment "shall be sold by order of the court, under the same restrictions and regulations as if the same had been levied on by execution;" and the money arising therefrom shall be applied to satisfy the judgment and costs. Section 388, supra. Under the provisions of that section, the property remaining in the hands of the officer, under the attachment, may be sold only by order of the court, as therein provided.

Where a forthcoming bond has been executed pursuant to section 352, supra, and the property has been returned to the defendant as therein provided, the property is not in the hands of the officer. In that case the court may compel the delivery to the officer for sale of any of the attached property. Section 389, C. O. S. 1921.

Where the property taken in attachment has been delivered to the defendant in the action, under the provisions of a forthcoming bond, and a judgment has been rendered for the plaintiff, the proper procedure is for the court to make an order for the delivery of the property to the officer for sale and to make an order for the sale· of the property. Until such orders are made, there is no legal requirement on the defendant to deliver the property to the officer, as provided in the forthcoming bond. It is apparent, therefore, that, in the absence of such an order, there is no liability on the forthcoming bond.

The record in this case shows neither pleading nor proof of any order for the delivery of the property by the defendants in the former action to the officer for sale, or for a sale of the property attached.

It is contended by the plaintiff that an order of sale was issued by the court clerk. Such an order is a special execution which, under the provisions of section 758, C. O. S. 1921, must conform to the judgment or order of the court. Since there was no judgment or order of the court for the sale of the property attached, the court clerk was without authority to issue an order of sale therefor.

The property, being personal property and having been taken under attachment by the officer, is subject to the order of the court. There is nothing in our attachment procedure that makes it subject to the order of the court clerk.

The plaintiff relies on the case of Rapp v. Kyle, 26 Kan. 89. There is nothing in that case pertaining to the necessary allegations of a petition to recover judgment on a forthcoming bond. That case referred to necessary statements in a notice by publication. It is in no wise persuasive as to the issue presented here.

The plaintiff contends that the bond given in this case was not in the exact form required by the statute, and that, therefore, it is a common-law bond. That contention can avail the plaintiff nothing, for the terms of the bond are not such as to create a liability under the facts shown by this record. The bond provides for liability where the property is not forthcoming to answer the judgment of the court. There is neither pleading nor proof of any order or judgment of the court requiring the defendant to deliver the property to the officer or to the court.

The record shows an order of the court in the former action overruling a motion to dissolve the attachment. The motion to dissolve the attachment is not shown by the record. We are unable to determine from the record whether the motion attacked the attachment on jurisdictional or nonjurisdictional grounds. Under the rule stated by this court in Krepps v. First Nat. Bank, supra, the burden of an attack on an attachment upon jurisdictional grounds is on the defendant. The burden of showing the truthfulness of the allegation in an attachment, or the nonjurisdictional grounds of an attachment, is on the plaintiff. It was therein held to be reversible error for the court to order a sale of the property without a trial of the nonjurisdictional questions of fact. This court is unable to say from this record whether the trial court sustained the attachment or whether it merely denied the motion of the defendant to discharge the attachment on nonjurisdictional grounds. We think that it is immaterial whether the attachment was sustained or not, since there

was no order for the delivery of the attached property or for the sale thereof.

The plaintiff contends that the case of Fisher v. Haxtun, supra, is not applicable for the reason that in that case there was no order of the court sustaining the order of attachment, in the first instance, in the initial suit, and in the next instance, there was no demand or order of sale issued after the principal judgment was taken and no allegation of any kind in the petition that either the attachment was sustained or the return of the property demanded by the order of sale or otherwise. We think that the decision is applicable. There is no order of sale by the court shown by the record in this case, and the order of sale issued by the court clerk, as shown by the record in this case, was without authority of law and is void. But, though the record had shown an order sustaining the attachment made some two years prior to the judgment in the cause, that cannot take the place of the order required by the statute to be made by the court for the return of the property to the officer and for the sale thereof.

The cases cited by the plaintiff which are not herein discussed have no bearing on the issues presented by the record in this case.

In Overton v. Sigmon Furn. Mfg. Co., 50 Okla. 531, 151 P. 215, after a discussion of the allegations of the petition attacked by the demurrer, it was said:

"We say all this in view of the permissibility of proof of other facts which, together with the fact that the judgment is merely for the debt, without reference to the attachment, might show an abandonment of the attachment."

We think that that is the correct rule and that the taking of the judgment for the amount of the debt without reference to the attachment cannot be said to be an abandonment of the attachment. An order sustaining the attachment and directing the sale of the attached property may be separate and apart from the judgment for the debt and may be made at a different time. Whether or not the attachment has been abandoned is a question of fact to be determined by the court. The property taken in attachment remains under the charge of the court, subject to its order, until such time as the court, by order, discharges it from the attachment. There is nothing in this record to show the discharge of the attachment.

Under the record shown in this case, the property was attached. That attachment has never been discharged. The property is subject to the order of the court. The court is authorized to direct the defendant, as a signer of the forthcoming bond, to deliver the property to the officer for sale, and the court is authorized to order a sale of the property when it has been so delivered. But, until that court directs the defendant to deliver the property to the officer for sale or orders the sale thereof, there is no liability on the part of the defendant under the bond shown by the record in this case. Neither the pleadings nor the proof show any such order, and the trial court committed reversible error when it overruled the demurrer of the defendant to the petition of the plaintiff and when it overruled the demurrer of the defendant to the evidence of the plaintiff.

For those reasons, the cause is reversed and the district court of Pushmataha county is directed to vacate its judgment and to take further proceedings not inconsistent herewith.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., not participating.